**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**AUG 5 1997**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

JOHN J. MCKIBBEN,

      Plaintiff-Appellant,

v.

WALT PARSONS, MATT
LINDVALL, ANDREW MCDONALD,
DANA DELANY, TERRY
HALFORD, PETER MICHAELSON,
JANET FOLSOM, JOSEPH
BENNETT, TIM MIENERT, JAY
TROMBETTA; WARREN HUMBLE,
CAROL JENNY, WELDON
MCDONALD, CAROL MCDONALD,
DAN RUPP, MR. JAMES
FARENHOLTZ, BETH
KRULEWITCH, MRS. JAMES
FARENHOLTZ, individually and in
their official capacities,

      Defendants-Appellees.

No. 96-1468
(District of Colorado)
(D.C. No. 94-N-2631)

**ORDER AND JUDGMENT**[*]

Before **SEYMOUR**, **PORFILIO,** and **MURPHY**, Circuit Judges.

---

[*]This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. Therefore, the case is ordered submitted without oral argument.

Appellant John J. McKibben appeals the dismissal of his civil suit brought under 42 U.S.C. § 1983 in the United States District Court for the District of Colorado. In 1991, McKibben was convicted in the Eagle County District Court, Colorado, of second degree sexual assault. McKibben subsequently sued eighteen individuals involved in his prosecution, including the victim, the victim's parents, the prosecutors, law enforcement officers, witnesses, his own attorneys, and a court clerk. McKibben's complaint is a rambling, confusing string of factual allegations which, McKibben argues, support his claim that the defendants conspired against him.

The magistrate judge found that McKibben "provided no evidence of any conspiracy or any deprivation of a constitutional right that would allow recovery under § 1983." Report and Recommendation at 12. The judge continued, "On the contrary, the pleadings submitted by [McKibben] reflect the actions of an individual who has attempted to use this case as a means of retaliation against anyone who was remotely involved in his conviction . . . ." *Id*. at 12-13. The magistrate judge then recommended that the district court dismiss the case with

prejudice because, among other reasons, it was malicious, within the meaning of 28 U.S.C. § 1915(d).[1] The district court agreed with the magistrate judge's recommendations, determined that the action was frivolous, and dismissed the case.

For substantially the reasons set forth in the magistrate's Recommendation of August 18, 1995, and the district court's Order of September 23, 1996, we **DISMISS** the appeal as frivolous. As an appeal dismissed on grounds of being frivolous, 28 U.S.C. § 1915(g) is triggered for the purpose of counting a "prior occasion." Furthermore, we note the district court dismissed the case for failure to state a claim upon which relief could be granted, with the additional determination that the action was frivolous, thereby triggering the counting of an additional "prior occasion."[2] A prisoner may not proceed under 28 U.S.C. § 1915 if he has, on three or more prior occasions, filed actions or brought appeals which

---

[1]The relevant provision of 1915(d) is now codified at 28 U.S.C. § 1915(e)(2)(B)(i).

[2]Although the district court dismissed this case after the enactment of the Prison Litigation Reform Act ("PLRA"), which established the "prior occasions" rule codified at 28 U.S.C. § 1915(g), McKibben filed his complaint prior to the PLRA's enactment. Nonetheless, counting the dismissal of the complaint as a "prior occasion" does not raise concerns of statutory retroactivity. *See Green v. Nottingham*, 90 F.3d 415, 420 (10th Cir. 1996) (holding retroactivity concerns not raised by counting "prior occasion" under § 1915(g) where filing of complaint as well as district court dismissal occurred prior to PLRA enactment).

are frivolous or fail to state a claim upon which relief can be granted. 28 U.S.C. § 1915(g).

ENTERED FOR THE COURT


Michael R. Murphy
Circuit Judge